IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTOR NASSAR,**<br>       **Plaintiff** | :<br>:<br>: |
| **VS.** | :    **NO.**<br>: |
| **DUN AND BRADSTREET SHORT**<br>**TERM DISABILITY PLAN and**<br>**METLIFE**<br>       **Defendant** | :<br>:<br>:<br>:<br>: |

## COMPLAINT

1. Plaintiff, Victor Nassar, is an adult individual residing at 1145 W Tyler Street, Whitehall, Lehigh County, Pennsylvania.

2. The Dun and Bradstreet Short Term Disability Plan is an employee benefit plan maintained by Dun and Bradstreet Corporation, located at 3501 Corporate Parkway, Center Valley, Lehigh County, Pennsylvania.

3. Defendant, MetLife is a business entity, organized under the laws of a state other than Pennsylvania, with offices at 200 Park Avenue, New York, New York 10166.

4. This case arises under federal law, specifically the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C § 1001, et seq. as Plaintiff is seeking payment of Short Term Disability Benefits under Plaintiff's policy with Defendants.

## COUNT I: Short Term Disability

5. At all relevant times, Plaintiff was a covered employee of Dun and Bradstreet Corporation and therefore covered under the Dun and Bradstreet Short Term Disability Plan that was either self-funded by Dun and Bradstreet or covered under a policy of insurance issued by Defendant MetLife for short term disability benefits under Claim Number 291608018249.

6. On or about July 28, 2016, Plaintiff became disabled and unable to work due to medical problems including anxiety and psychiatric problems.

7. Defendants reviewed Plaintiff's medical records and heard from his treating medical providers, who supported the notion that he was he was medically disabled from work and supported him receiving Short Term Disability benefits.

8. Defendants notified Plaintiff that it was denying Plaintiff's claim because it was Defendants' position that he did not meet the plan's definition of disability.

9. Plaintiff followed Defendants' procedures to appeal this denial and as part of Plaintiff's proof of claim, he submitted medical records of his treating physicians.

10. Defendants relied on the opinion of its own in-house medical reviewer to deny Plaintiff's claim for disability benefits, substituting the reviewer's judgment in place of the providers that met and examined Plaintiff.

11. On October 21, 2016, Defendants again denied Plaintiff's claim for Short Term Disability benefits, and advised him that no further administrative appeals were available.

12. With appropriate medical treatment, Plaintiff's condition improved, and he was able to return to work as of October 26, 2016.

13. Plaintiff was disabled within the meaning of the short term disability plan from July 28, 2016, through October 25, 2016, because he was unable to earn more than 80% of his pre-disability earnings at his own occupation.

14. Despite Plaintiff's disability, Defendants arbitrarily determined that Plaintiff was not disabled and instead relied on the opinion of its own in-house physician to determine that he was not disabled.

15. Defendant's own in-house physician did not meet, interview, or examine Plaintiff, and instead merely reviewed what other medical providers who knew Plaintiff and supported his claim said, and instead substituted its own judgment that Plaintiff was not disabled, which was in the pecuniary interest of his employer.

16. Plaintiff has exhausted the internal administrative remedies and appeals, and received notice of a final determination from Defendants.

17. The evidence in Plaintiff's file, specifically the reports and medical records of Plaintiff's treating physicians supports Plaintiff's entitlement to short term disability benefits.

18. Plaintiff is therefore seeking past disability benefits under the Short Term Disability policy with Defendant from July 28, 2016, through October 26, 2016, together with interest of unpaid benefits, costs of suit, and reasonable attorney's fees.

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against Defendants requiring Defendants to approve Plaintiff's disability benefits from July 28, 2016, through October 25, 2016, together with interest of unpaid benefits, costs of suit, and reasonable attorney's fees.

Respectfully submitted,
ORLOSKI LAW FIRM

Kevin L. Orloski, Esq.
Attorney for Plaintiff
Attorney ID No. 90861
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363